UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3-05-70672 BZ |
| | ) | |
| v. | ) | |
| | ) | |
| Larry Darnell Hill Jr., | ) | **DETENTION ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Court on August 23, 2005 for a detention hearing.  The defendant, Larry Darnell Hill Jr., was present and represented by Daniel Blank.  Assistant United States Attorney Michelle Morgan-Kelly appeared for the United States of America.

Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services was present at the hearing.  The Government requested detention, and the Defendant opposed.  Proffers and arguments regarding detention were submitted by the parties at the hearing.

Having considered the parties' proffers, the Pretrial

1

1   Services Report and the files and records in this matter, I

2   find that the government has met its burden of showing by

3   clear and convincing evidence that the defendant is a danger

4   to the community and that no condition or combination of

5   conditions will reasonably assure the safety of the community.

6   I also find that the government has met its burden of showing

7   by a preponderance of the evidence that the defendant is a

8   flight risk, but if that were the only risk which the

9   defendant presented, I am satisfied that I could probably

10  fashion conditions what would reasonably assure the

11  defendant's appearance in these proceedings.  In so holding, I

12  have considered the following factors:

13          1.   The defendant is charged with a violation of 21

14  U.S.C. § 841(a)(1)- a narcotics offense that carries a maximum

15  term of life imprisonment. This substantial sentence gives

16  defendant an incentive to flee.

17          2.   Given the charge defendant faces, it is

18  presumed, subject to rebuttal, that "no condition or

19  combination of conditions will reasonably assure the

20  appearance of the person as required and the safety of the

21  community." See 18 U.S.C. §§ 3142(e) & (g)(1). Defendant has

22  failed to dispel either presumption.

23          3.   The defendant has a prior criminal record that

24  includes five felony convictions and three misdemeanor

25  convictions.  The defendant has violated the terms of his

26  parole on four occasions. Clearly, he is not amenable to

27  supervision. In addition, defendant has been cited twice for

28  failure to appear in court.

1        4.   Defendant's criminal history reflects several

2   convictions involving narcotics and weapons.  In passing the

3   Bail Reform Act of 1984, Congress was particularly concerned

4   with the danger that drugs and violence posed to the

5   community.

6        5.   Defendant has family ties to the community.

7   However, defendant's mother and sister have been ineffective

8   in deterring his criminal conduct. On the date of arrest, a

9   large quantity of narcotics as well as a firearm and ballistic

10  vest were seized at defendant's residence.

11       6.   Defendant did not proffer any conditions of

12  release, nor have any occurred to the court, that would

13  reasonably assure the safety of the community.

14       7.   Defendant asked to be released to a residential

15  drug treatment program. I do not believe such a program, which

16  is not a lock down facility, would adequately assure the

17  safety of the community.  While his mother offered to sign a

18  secured bond, given the risks discussed above and the fact

19  that she has not been able to successfully guide his behavior

20  in the past, I do not find that proposal adequate to assure

21  the safety of the community.

22       Therefore, **IT IS HEREBY ORDERED** that:

23       1.   The defendant be, and hereby is, committed to

24  the custody of the Attorney General for a confinement in a

25  corrections facility separate, to the extent practicable, from

26  persons awaiting or serving sentences or being held in custody

27  pending appeal;

28       2.   The defendant be afforded reasonable opportunity

3

1  for private consultation with his counsel; and

2          3.  On order of a court of the United States or on

3  request of an attorney for the government, the person in

4  charge of the corrections facility in which the defendant is

5  confined shall deliver the defendant to an authorized Deputy

6  United States Marshal for the purpose of any appearance in

7  connection with a court proceeding.

8  Dated: August 24, 2005

9

10  _____

11                     Bernard Zimmerman
                 United States Magistrate Judge

12  G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2005\HILLDETENTION.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4